## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CARLOS RAY FRAZIER**                                           **PLAINTIFF**
**#650936**

**v.**                    **No: 4:22-cv-00506 LPR-PSH**

**COURTNEY KELLY,** *et al.*                                    **DEFENDANTS**

### ORDER

Plaintiff Carlos Ray Frazier, a pretrial detainee at the W.C. Brassell Adult Detention Center, initiated this lawsuit by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 2, 2022 (Doc. No. 2).  He has three other cases currently pending in this District: (1) *Frazier v. Elkin,* 4:22-cv-00521-DPM-JJV; (2) *Frazier v. Doe,* 4:22-cv-273-JM-JTK; and (3) *Frazier v. Gorman*, 4:22-cv-547-KGB-PSH. Frazier has recently sent the Clerk several untitled documents without specifying what they are or what case they should be filed in; some contain all four case numbers. The Clerk's office has filed these documents in all four of Frazier's pending cases and labeled two of them as motions for a preliminary injunction.

As the Court previously explained in its *Initial Order for Pro Se Prisoner Plaintiffs* (Doc. No. 3), Frazier must comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Arkansas.  Accordingly, Frazier's documents must include only one case name, provide only one case

number, and be labeled as a motion or pleading authorized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) (every pleading must have a caption with the court's name, a title and "a file number") (emphasis added); *see also Mitchell v. Hendrix*, No. 2:19-cv-108-DPM, 2019 WL 4390540 (E.D. Ark. Sept. 12, 2019) (explaining to a *pro se* plaintiff: "Each paper must include the names of the parties in one specific case, and one specific case number, at the top of the first page. [Plaintiff] may not send one paper for filing in both cases at one time; there must be a separate paper for each case"). **Pleadings that do not comply with these instructions will be returned to Frazier without being filed in the record.**[1] Frazier's motions (Doc. Nos. 8-10) are DENIED because they do not comply with these instructions.

Frazier's motions seeking injunctive relief (Doc. Nos. 8-9) are also premature and not properly filed under Fed. R. Civ. P. 65. A plaintiff may only seek injunctive relief that is related to the pending claims in his case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (because the purpose of a preliminary injunction is to maintain the status quo until the case can be resolved on the merits, the moving party must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint). The Court has not yet screened Frazier's

---

[1] The Clerk is directed to refrain from docketing any pleadings from Frazier that do not comply with the instructions in this Order.

complaint to determine which claims may proceed.  *See* 28 U.S.C. § 1915A.  On June 16, 2022, the Court directed Frazier to file an amended complaint clarifying why he sues each named defendant.  *See* Doc. No. 5.  Frazier has not yet filed an amended complaint.

Finally, Frazier's motions seeking injunctive relief do not specifically describe the preliminary relief sought and or otherwise comply with the requirements of Fed. R. Civ. P. 65.  *See* Fed. R. Civ. P. 65(d) ("every injunction and restraining order must. . . state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required"); *Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013) (to obtain preliminary injunctive relief, the movant must explain: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction be issued; (3) the likelihood of success on the merits; and (4) the public interest).  The Prison Litigation Reform Act ("PLRA") also requires that injunctions with respect to prison conditions be narrowly tailored.  *See* 18 U.S.C. § 3626(a)(1).  A plaintiff seeking injunctive relief must demonstrate that he "will again be wronged in a similar way" and that the threatened injury is "certainly impending." *Buckley v. Ray*, 848 F.3d 855, 867 n.10 (8th Cir. 2017) (internal citations omitted).  The PLRA states:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of any Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such

relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the federal right. *The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.*

18 U.S.C. § 3626(a)(1) (emphasis added).

IT IS SO ORDERED this 29th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE